UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| AUSTIN MOTT JR, TDCJ # 01119500, | § § § | |
| Petitioner, | § § | |
| VS. | § | CIVIL ACTION NO. 3:19-CV-36 |
| LORIE DAVIS, | § § § | |
| Respondent. | § § | |

## ORDER TO TRANSFER

Petitioner Austin Mott, Jr., an inmate in the custody of the Texas Department of Criminal Justice–Correctional Institutions Division ("TDCJ"), has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. The petition challenges a disciplinary proceeding at the Terrell Unit. After reviewing the pleadings, the Court concludes that this action must be transferred for reasons set forth briefly below.

The petitioner is in custody pursuant to a judgment and sentence by a state court in Texas, which has more than one federal district. Therefore, jurisdiction over the petition is determined by the place of conviction or the place of confinement, as follows:

> Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application.

28 U.S.C. § 2241(d).  The Fifth Circuit has emphasized that, under § 2241(d), a petitioner may seek a federal writ of habeas corpus in one of *only* two places: (1) the district in which the state court conviction was entered, or (2) the district within which the petitioner is incarcerated.  *See Wadsworth v. Johnson*, 235 F.3d 959, 962 (5th Cir. 2000).

Newton County, where the challenged state court conviction was entered, is located in the Eastern District of Texas, Beaumont Division.  *See* 28 U.S.C. § 124(c)(2).  The Beto Unit, where the petitioner is presently incarcerated, is located in Anderson County, which is in the Eastern District of Texas, Tyler Division.  *See* 28 U.S.C. § 124(c)(1).  Although Petitioner's disciplinary hearing was at the Terrell Unit in the Southern District of Texas, Galveston Division, TDCJ is not a state court for purposes of jurisdiction under § 2241.  *See Wadsworth*, 235 F.3d at 962.  This Court lacks jurisdiction over the petition.

Accordingly, the Clerk of Court is **ORDERED** to **TRANSFER** this habeas action to the United States District Court for the Eastern District of Texas, Beaumont Division, and to provide a copy of this order to the parties.

SIGNED at Galveston, Texas, this 21st day of February, 2019.

_George C. Hanks Jr._
George C. Hanks Jr.
United States District Judge